UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| RENATO MICHUA-MARTINEZ | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cr-109 |
| | ) | 3:07-cv-034 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Renato Michua-Martinez ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Petitioner pleaded guilty to conspiracy to distribute more than five kilograms of cocaine hydrochloride and more than one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). He was sentenced to a term of imprisonment of 70 months; the sentence reflected a two-level reduction in petitioner's base offense level pursuant to the provisions of the safety valve. Petitioner did not appeal his sentence. In support of his § 2255 motion to vacate sentence, petitioner alleges the following: (1) he received ineffective assistance of counsel because his attorney failed to move at sentencing for a reduction based upon his substantial assistance; (2) in failing to move for a reduction based upon substantial assistance, the government acted in bad faith and with an unconstitutional motive based upon petitioner being a Mexican national; and (3) the

2

government breached the plea agreement by failing to move for a reduction based upon substantial assistance.

III.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

3

action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A district court may, on motion of the government, reduce a sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another. 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); USSG § 5K1.1. Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to reduce a sentence because of the defendant's assistance absent a motion by the government. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *Sullivan v. United States*, 11 F.3d 573, 575 (6th Cir. 1993). Under the circumstances, petitioner's attorney did not render ineffective assistance of counsel by failing to file a frivolous motion for downward departure based upon petitioner's substantial assistance. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). Accordingly, petitioner's allegation of ineffective assistance of counsel lacks merit.

## B. Bad Faith / Breach of Plea Agreement

Petitioner alleges the government breached the plea agreement by failing to file a motion for reduction of sentence based upon his substantial assistance. Petitioner also alleges the government acted in bad faith and with an unconstitutional motive, in that the refusal to file the motion for reduction of sentence was because petitioner is Mexican.

In his plea agreement, petitioner acknowledged the following:

> At the time of sentencing, the United States will bring to the court's attention the nature, extent, and value of the defendant's cooperation. This information will be provided to the court so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the opinion of the United States, the defendant provides substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States will make a motion for downward departure with the district court allowing the district court to impose a sentence which may fall below the minimum mandatory term of imprisonment or below the sentencing guidelines. The decision of whether or not to file a motion for downward departure lies within the sole discretion of the United States.

[Criminal Action No. 3:03-cr-109, Court File No. 70, Plea Agreement, p. 4, ¶ 7 (under seal)]. The government did not breach the plea agreement by failing to file the motion for downward departure, since it was within the government's sole discretion whether to do so.

The Supreme Court has held "that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185-186 (1992). Examples of an unconstitutional motive would be refusal to file the motion "because of the defendant's race or religion." *Id*. at 186.

Petitioner makes the self-serving suggestion, without any proof whatsoever, that the government's decision was based on his race as a Mexican national. Such "generalized allegation of improper motive" are not sufficient to entitle him to relief; rather petitioner must "make a substantial threshold showing" of an unconstitutional motive. *Id.* Petitioner is not entitled to relief on this claim.

IV.  Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge